JANET M. HEROLD
Regional Solicitor
SUSAN SELETSKY
Chief Counsel for FLSA Litigation
CHARLES SONG (CSBN 204497)
Trial Attorney
Song.Charles@dol.gov
United States Department of Labor
Office of the Solicitor
350 S. Figueroa St., Suite 370
Los Angeles, CA 90071
Phone: (213) 894-5365
Fax: (213) 894-2064

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT FOR THE

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| R. ALEXANDER ACOSTA,<br>  Secretary of Labor,<br>  United States Department of Labor,<br><br>              Plaintiff,<br><br>        v.<br><br>AUTHENTIC BROTHERS TOWING,<br>INC., a corporation; FRANCISCO<br>VASQUEZ, an individual; JUDITH<br>VASQUEZ, an individual,<br>              Defendants. | **COMPLAINT FOR VIOLATIONS OF THE FAIR LABOR STANDARDS ACT** |

## JURISDICTION

1. Jurisdiction of this action is conferred upon the Court by sections 17 of the Act, 29 U.S.C. § 217, and 28 U.S.C. §§ 1331 and 1345.

## NATURE OF THE ACTION

2. Plaintiff, R. ALEXANDER ACOSTA, Secretary of Labor for the United States Department of Labor ("the Secretary"), is charged with enforcing the Fair Labor Standards Act of 1938 ("FLSA") in order to eliminate "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and general well-being of workers[.]" 29 U.S.C. § 202(a). In bringing actions under the FLSA, the Secretary represents not only the interest of the individual employees affected by an employer's violations of the law, but also the broader public interest, including the interests of law-abiding employers whose ability to compete is harmed by employers who pay their employees subminimum wages.

3. In this action, the Secretary seeks to enjoin defendants AUTHENTIC BROTHERS TOWING, INC., a California corporation doing business as AUTHENTIC BROTHERS TOWING ("Authentic Towing"); FRANCISCO VASQUEZ, an individual, and JUDITH VASQUEZ, an individual, (collectively, "Defendants") from violating the FLSA under Section 17 of the FLSA, 29 U.S.C. § 217.

## PARTIES

4. Plaintiff R. Alexander Acosta is the Secretary of Labor for the United States Department of Labor.

*Complaint for Violations of the FLSA*     2

5. Defendant Authentic Towing is a corporation organized and existing under the laws of California. Authentic Towing, doing business as Authentic Brothers Towing, operates and maintains a towing and service company in Orange, California, its principal place of business. At all relevant times, Authentic Towing has been an employer under Section 3(d) of the FLSA, 29 U.S.C. § 203(d), in relation to its employees.

6. Defendant Francisco Vasquez, an individual, resides in Orange, California, within the jurisdiction of this Court, owns 50% of Defendant Authentic Towing, and at all relevant times acted directly or indirectly in the interest of the corporate defendant in relation to its employees, including hiring, firing, and supervising employees, maintaining employment records, and determining employment practices. As such, Francisco Vasquez is individually liable as an employer under Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

7. Defendant Judith Vasquez, an individual, resides in Orange, California, within the jurisdiction of this Court, owns 50% of Authentic Towing, and at all relevant times acted directly or indirectly in the interest of the corporate defendant in relation to its employees, including hiring, firing, and supervising employees, maintaining employment records, and determining employment practices. As such, Judith Vasquez is individually liable as an employer under Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

**VENUE**

8. Venue lies in the Central District of California pursuant to 28 U.S.C. § 1391(b) as a substantial part of the events giving rise to the claim occurred in Orange County, California.

**FACTS COMMON TO ALL CAUSES OF ACTION**

9. Defendants Francisco Vasquez and Judith Vasquez own and operate Authentic Towing, and operate the company out of the same location for the same business purpose. The business address for Authentic Towing is 979 N. Parker Street, Orange, CA 92867. Authentic Towing is an enterprise within the meaning of FLSA Section 3(r)(1), 29 U.S.C. § 203(r)(1) in that its operations are jointly controlled by Judith Vasquez and Francisco Vasquez as a for profit business.

10. Authentic Towing at all relevant times has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1)(A) of the FLSA, 29 U.S.C. § 203(s)(1)(A), in that said enterprise at all relevant times had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce and an annual gross volume of sales done of not less than $500,000.

11. Defendants employ drivers and service providers. As Authentic Towing responded to requests for service twenty-four (24) hours a day, seven (7) days a week, at least one driver was always working. Employees worked eight (8) hour shifts during the day which were recorded and paid on an hourly basis through payroll. Some employees also worked hours beyond their eight (8) hour shift and night shifts from approximately 10:00 p.m. to approximately 8:00 a.m. Defendants failed to record night shift hours and hours beyond employees' regular schedules and paid employees commissions for these hours by check or cash separately from the employee payroll.

**FIRST CLAIM FOR RELIEF**
**(Violation of Recordkeeping Provisions of the FLSA)**

12. The Secretary incorporates by reference and realleges the allegations in paragraphs 1 through 11 above.

13. During the Subject Period, Defendants, employers subject to the provisions of the FLSA, repeatedly and willfully violated Sections 11(c) and 15(a)(5) of the FLSA, 29 U.S.C. §§ 211 and 215(a)(5), in that they failed to make, keep, and preserve adequate and accurate records of employees and the wages, hours and other conditions and practices of employment maintained by them, as required by the FLSA and its prescribed regulations under 29 C.F.R. § 516.

14. Specifically, Defendants failed to maintain required records including, but not limited to, records reflecting the actual hours worked by employees, hours worked over 40 in the workweek, and wages paid to employees. Defendants failed to maintain accurate records of the employees' hours worked as the time records did not reflect all hours worked by employees, including graveyard shifts.

**SECOND CLAIM FOR RELIEF**
**(Violation of Minimum Wage Provisions of the FLSA)**

15. The Secretary incorporates by reference and realleges the allegations in paragraphs 1 to 14 of the Complaint.

16. During the Subject Period, Defendants, employers subject to the provisions of the FLSA, repeatedly and willfully violated the minimum wage provisions of the FLSA Sections 6 and 15(a)(2), 29 U.S.C. §§ 206 and 215(a)(2), by paying their employees' wages at rates less than the effective minimum wage in workweeks when said employees were engaged in commerce or in the production of goods for commerce, or were employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of the FLSA.

17. During the Subject Period, Defendants paid some employees at rates less than the federal minimum wage.

### THIRD CLAIM FOR RELIEF
### (Violation of Overtime Provisions of the FLSA)

18. The Secretary incorporates by reference and realleges the allegations in paragraphs 1 through 17 of the Complaint.

19. During the Subject Period, Defendants, employers subject to the provisions of the FLSA, repeatedly and willfully violated Sections 7 and 15(a)(2) of the FLSA, 29 U.S.C. §§ 207 and 215(a)(2), by failing to pay their employees at rates not less than one and one-half times the employees' regular rate of pay in workweeks when the employees worked more than 40 hours.

20. During the Subject Period, Defendants' employees routinely worked in excess of 40 hours per workweek. Defendants failed to pay their employees at rates not less than one and one-half times the employees' regular rate of pay in workweeks when the employees worked more than 40 hours.

### PRAYER FOR RELIEF

WHEREFORE, cause having been shown, the Secretary prays for judgment against Defendants as follows:

(a) For an Order under Section 17 of the FLSA, 29 U.S.C. § 217, permanently enjoining and restraining Defendants, their officers, agents, servants, employees, and those persons in active concert or participation with them from prospectively violating Sections 6, 7, 11, 15(a)(2) and 15(a)(5) of the FLSA, 29 U.S.C. §§ 206, 207, 211, 215(a)(2) and 215(a)(5)

(b) For an Order awarding the Secretary the costs of this action; and

(c) For an Order granting such other and further relief as may be necessary or appropriate.

Dated: May 26, 2017

NICHOLAS C. GEALE
Acting Solicitor of Labor

JANET M. HEROLD
Regional Solicitor

SUSAN SELETSKY
Chief Counsel for FLSA Litigation

/s/ *Charles Song*
CHARLES SONG
Trial Attorney

UNITED STATES
DEPARTMENT OF LABOR
Attorneys for the Plaintiff