JS-6

UNITED STATES DISTRICT COURT FOR THE
CENTRAL DISTRICT OF CALIFORNIA

EDWARD C. HUGLER,[1]　　　　　　　)
　Acting Secretary of Labor,　　　　　)
　United States Department of Labor,　)
　　　　　　　　　　　　　　　　　　)
　　　　　　　Plaintiff,　　　　　　　) **CONSENT JUDGMENT**
　　　　　　　　　　　　　　　　　　)
　　　　　v.　　　　　　　　　　　　) **Case No. 8:17-cv-00922-JLS-AGR**
　　　　　　　　　　　　　　　　　　)
AUTHENTIC BROTHERS TOWING,　　)
INC., a corporation; FRANCISCO　　　　)
VASQUEZ, an individual; JUDITH　　　)
VASQUEZ, an individual,　　　　　　　)
　　　　　　　　　　　　　　　　　　)
　　　　　　　Defendants.　　　　　　)
　　　　　　　　　　　　　　　　　　)

　　　Plaintiff, Edward Hugler, Acting Secretary of Labor, United States Department of Labor (the "Secretary"), Defendant AUTHENTIC BROTHERS TOWING, INC., a corporation; FRANCISCO VASQUEZ, an individual; JUDITH VASQUEZ, an individual (collectively "Defendants"), have agreed to resolve the matters in controversy

---
[1] On January 20, 2017 Edward C. Hugler was appointed the Acting Secretary of Labor. Pursuant to Fed. R. Civ. P. 25(d), Mr. Hugler is substituted as the Plaintiff in this action.

in this civil action and consent to the entry of this consent judgment ("Consent Judgment" or "Judgment") in accordance herewith:

**I.   LIABILITY**

A.   Concurrently with the instant Consent Judgment, the Secretary filed a Complaint alleging that Defendants violated §§ 6, 7, 11, 15(a)(2) and 15(a)(5) of the Fair Labor Standards Act of 1938, as amended ("FLSA" or the "Act"), 29 U.S.C. §§207, 211, 215(a)(2), and 215(a)(5).

B.   Defendants acknowledge receipt of a copy of the Secretary's Complaint.

C.   Defendants waive issuance and service of process and waive answers and any defenses to the Secretary's Complaint.

D.   Defendants admit that the Court has jurisdiction over the parties and subject matter of this civil action and that venue lies in the United States District Court for the Central District of California.

E.   Defendants and the Secretary agree to the entry of this Consent Judgment without contest.

F.   Defendants acknowledge that, to the best of their knowledge, Defendants and any individual or entity acting on their behalf or at their direction have notice of, and understand, the provisions of this Consent Judgment.

G.   Defendants admit to violating Sections 11(c) and 15(a)(5) of the FLSA, 29 U.S.C. §§ 211(c) and 215(a)(5), during the Subject Period, by failing to make, keep and

preserve records of their employees and of the wages, hours, and other conditions and practices of employment maintained by them as prescribed by the regulations found in 29 C.F.R. Part 516 that are issued, and from time to time amended, pursuant to section 11(c) of the Act.

H. Defendants admit to violating Sections 6 and 15(a)(2) of the FLSA, 29 U.S.C. §§ 206 and 215(a)(2), by paying their employees' wages at rates less than the effective minimum wage in workweeks when said employees were engaged in commerce or in the production of goods for commerce, or were employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of the FLSA.

I. Defendants admit to violating Sections 7 and 15(a)(2) of the FLSA, 29 U.S.C. §§ 207 and 215(a)(2), during the Subject Period, by employing employees who were employed in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the Act, for workweeks longer than forty hours, and failing to pay such employees compensation for their employment in excess of forty hours at a rate not less than one and one-half times the regular rate at which they were employed.

J. Defendants understand and expressly acknowledge that demanding or accepting any of the monies due to any current or former employees under this Consent Judgment, threatening any employee for accepting monies due under this Consent

Judgment, or threatening any employee for exercising any of his or her rights under or related to the FLSA is specifically prohibited by this Consent Judgment and the FLSA and may subject Defendants to equitable and legal damages, including punitive damages and civil contempt.

It is therefore, upon motion of the attorneys for the Secretary, and for cause shown, hereby ORDERED, ADJUDGED, AND DECREED that pursuant to Section 17 of the FLSA (29 U.S.C. §217), Defendants and their officers, agents, servants, employees, and all persons in active concert or participation with them be, and they hereby are, permanently enjoined and restrained from violating the provisions of the FLSA, in any of the following manners:

1. Defendants shall not, contrary to Sections 6 and 15(a)(2) of the FLSA, 29 U.S.C. §§206 and 215(a)(2), pay any of their employees who in any workweek are engaged in commerce or in the production of goods for commerce or who are employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of the FLSA, wages at a rate less than $7.25 per hour (or at a rate less than such other applicable minimum rate as may hereinafter be established by amendment to the FLSA).

2. Defendants shall not, contrary to Sections 7 and 15(a)(2) of the FLSA, 29 U.S.C. §§207 and 215(a)(2), employ any of their employees who in any workweek are engaged in commerce or the production of goods for commerce, or who are employed in

an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of the FLSA, for workweeks longer than forty (40) hours, unless such employee receives compensation for his or her employment in excess of forty (40) hours at a rate not less than one and one-half times the regular rates (at least $10.87 if the regular wage rate is the current federal minimum age) at which he or she is employed.

3. Defendants shall not fail to make, keep, make available to authorized agents of the Secretary for inspection, transcription, and/or copying, upon their demand for such access, and preserve records of employees and of the wages, hours, and other conditions and practices of employment maintained, as prescribed by regulations issued, and from time to time amended, pursuant to FLSA §§ 11(c) and 15(a)(5), 29 U.S.C. §§ 211(c) and 215(a)(5) and the implementing regulations found in Title 29, Code of Federal Regulations, Part 516.

**II.  RECORDS**

From the date of this Consent Judgment and so long as Defendants remain in business:

A. Defendants shall record all hours worked by each employee in each payroll period.

B. Defendants shall maintain all timecards and payroll records for a period of not less than three years.

C. Defendants shall reflect all the amounts paid to employees, regardless of the

manner of payment and including bonuses, whether performance-based or otherwise, on the payroll records.

D. Defendants shall pay employees all wages owed under the FLSA, less any appropriate deductions allowed by law, and shall not reclassify any portion of the employees' earned FLSA wages as any form of profit-sharing, partnership or corporate distribution.

E. Defendants shall pay employees for all compensable waiting time.

F. Defendants shall not require employees to work "off the clock" either before, during or after their shifts.

G. All individuals performing work for any Defendant shall record their work time in an accurate and timely manner. Work time shall include, but is not necessarily limited to, all time spent at work or preparing to work, including nonproductive time such as turning on necessary equipment and waiting for it to become operational. Each entity whether herein named or a successor entity shall record each non-exempt employee's time in an accurate and timely manner either the first day said entity begins operations or the first day any non-exempt employee begins his or her employment with Defendant, any of them, or any future or successive entity.

H. For each work week, Defendants shall sum each individual's time records to identify the time worked each day and each workweek per individual. Each pay period, Defendants shall prepare a statement of hours worked by each individual for each day,

week, and pay period ("Work Hours Summary"). Defendants shall have each individual review his or her Work Hours Summary, encouraging each employee to make corrections to ensure that the time record is accurate.

I. Defendants shall not alter or manipulate time or payroll records to reduce the number of hours actually worked by an employee.

J. Defendants shall not direct supervisors or payroll preparers to falsify time or payroll records in any manner including reducing the number of hours worked by employees.

K. Defendants shall not request, require or otherwise cause employees to sign inaccurate time records.

L. Defendants shall post a copy of the attached Exhibit A in English and Spanish at Defendants' establishment for no less than one-hundred eighty (180) days. Exhibit B summarizes the terms of the Consent Judgment and the employees' rights under the FLSA.

M. Defendants shall post in break rooms and other common areas frequented by employees Department of Labor- approved posters regarding the minimum wage and overtime provisions of the FLSA. The posters shall be in English and Spanish and may be found at http://www.dol.gov/WHD/pubs-by-language.htm.

The filing, pursuit, and/or resolution of this proceeding with the filing of the

Consent Judgment shall not act as or be asserted as a bar to any action under Section l6(b) of the FLSA, 29 U.S.C. § 216(b).

Each party shall bear all fees and other expenses (including court costs) incurred by such party in connection with any stage of this proceeding to date.

IT IS ORDERED that Defendants shall comply with the terms of this Consent Judgment, and;

IT IS ORDERED that this Court shall retain jurisdiction of this action for purposes of enforcing compliance with the terms of this Consent Judgment.

DATED: July 12, 2017

Honorable Josephine L. Staton
UNITED STATES DISTRICT COURT

# EXHIBIT A

# NOTICE OF EMPLOYEE RIGHTS

All employees who work for Authentic Brothers Towing, Inc., Francisco Vasquez, and/or Judith Vasquez (collectively hereinafter "Employers" or singularly "Employer") performing towing and related services are employees.

As employees, you must be paid for all hours worked, which includes all time that you are required to be on or near the Employer's premises and are not free from your duties, including time spent waiting for towing calls.

You have the right to be paid at least the federal minimum wage (currently $7.25 per hour) for all hours worked.

You have the right to be paid for overtime, which means that you have the right to be paid at one and one-half times your regular rate (at least $10.87 if your wage rate is the current federal minimum wage) for all hours you work more than 40 hours in one workweek.

You cannot sign away or otherwise waive your right to either minimum wage or overtime.

Your Employer is required to accurately record the hours you work every day and every week.

You have the right to examine your time record to make sure it is accurate.

You have the right to speak with the U.S. Department of Labor if you think your Employer has not paid you for all hours worked or paid overtime.

You have the right to talk to the U. S Department of Labor privately and not in the presence of your employer.

You can call the U.S. Department of Labor to make a confidential complaint at 1-866-4US-WAGE ((866) 487-8243) at any time you wish.

# EXHIBIT B

# LEGAL NOTICE TO ALL EMPLOYEES

The **Fair Labor Standards Act** provides that all employees must be paid **minimum wage** for all hours worked. In addition, employees must be paid **overtime**, at a rate of time and one half their regular rate, for the hours they work over 40 in a workweek. All employees are entitled to an overtime premium when they work over 40 hours.

To resolve a lawsuit brought by the **Department of Labor**, the **United States District Court** entered an Order forbidding **Authentic Brothers Towing, Inc., Francisco Vasquez**, and/or **Judith Vasquez** from violating the **Fair Labor Standards Act**.

All employees who work in this establishment should report violations of minimum wage and overtime to the U.S. Department of Labor, Wage and Hour Division, at (213) 894-6375. Your name will not be disclosed.